IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  02-cv-01993-WYD-BNB

JEFFREY SCOTT BEEBE,

    Plaintiff,

v.

PEGGY HEIL, et al.,

_____

### ORDER AFFIRMING AND ADOPTING RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE
_____

    This matter is before the Court on Plaintiff's Rule 56(a) Motion for Summary Judgment and Brief in Support Thereof (filed March 21, 2005) and Defendants' Motion for Summary Judgment (filed March 18, 2005).   These motions relate to Plaintiff's *pro se* Prisoner Complaint, which amended complaint was filed on March 14, 2003.  On October 28, 2004, counsel entered an appearance on behalf of Plaintiff.  The summary judgment motions were referred to Magistrate Judge Boland for a recommendation by Order of Reference dated January 7, 2003, and Memorandums dated March 21 and 22, 2005.

    Magistrate Judge Boland issued a  Recommendation on January 4, 2005, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.C.  He recommends therein that Plaintiff's motion for summary judgment be granted in part and denied in part. Recommendation at 20-21.  Specifically, he recommends that the motion be granted to the extent Plaintiff asserts he has a liberty interest in continued treatment as a sex offender under Colo. Rev. Stat. § 18-13-1004(3).

He recommends that the motion be denied in all other respects, including the request for judgment on the substantive due process claim and reinstatement into the program. *Id.* Magistrate Judge Boland further recommends that Defendants' motion for summary judgment be denied. *Id.* at 21.

On January 10, 2005, Defendants filed objections to the Recommendation. On January 17, 2005, Plaintiff filed objections to the Recommendation. These objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

I first address Defendants' objections. Defendants argue that Magistrate Judge Boland erred in ruling that Plaintiff has a liberty interest in continued treatment as a sex offender under Colo. Rev. Stat. § 18-13-1004. Defendants assert that Magistrate Judge Boland relied on this Court's interpretation of the statute that "participation in a treatment program is an absolute prerequisite for release on parole." *See* Recommendation at 9 (citing *Beebe v. Heil*, 333 F. Supp.2d 1011, 1012 (D. Colo. 2004)). Defendants argue that this reliance was improper as the Court's ruling was made before it had an opportunity to consider the evidence provided by Parole Board Chairman Allan F. Stanley in his affidavit attached to Defendants' motion.

According to Defendants, the affidavit supports an argument that the Sex Offender Treatment and Monitoring Program ["SOTMP"] can be completed during incarceration or during parole, which is part of the sentence. Further, according to the affidavit, sex offenders are not precluded from applying for parole and Plaintiff has already been

considered for parole on more than one occasion, even though he was terminated from the program. Defendants conclude that, according to the affidavit, a sex offender's successful progression in treatment during incarceration is but one factor the Parole Board considers in making a determination of whether to grant the sex offender parole.

In addition, Defendants assert that the Supreme Court has held that state-created liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on an inmate, citing *Sandin v. Conner*, 515 U.S. 472, 515 (1995). Defendants argue that requiring an inmate to abide by the terms and conditions of a treatment program does not impose atypical and significant hardship. Further, it is argued that termination from the sex offender treatment program is not a major change in the condition of Plaintiff's confinement because Plaintiff's status has not changed from "eligible to be considered for parole" to "ineligible to be considered for parole." Defs.' Objections at 4.

I overrule Defendants' objections. These objections turn on the affidavit of Parole Board Chairman Mr. Stanley that supports Defendants' argument that completion of the SOTMP is not a prerequisite to parole. Magistrate Judge Boland's Recommendation provides well reasoned and sound reasons why the affidavit of Mr. Stanley is not controlling on this issue. As he notes, Mr. Stanley's factual assertions in the affidavit cannot overcome the plain language of the statute that mandates participation in a treatment program as a prerequisite to parole. *See* Recommendation at 10-11. Further, I agree with Magistrate Judge Boland that the affidavit fails to establish that Plaintiff is actually eligible for parole, even without completion of the treatment program. There is

also no evidence that any other inmate has ever been paroled without successful completion of the SOTMP. Accordingly, I find that the Recommendation to grant Plaintiff's motion for summary judgment on the issue of a liberty interest is proper and should be affirmed.

I now turn to Plaintiff's objections. Plaintiff argues that the Recommendation failed to recognize this Court's holding in *Beebe* that failure to provide due process in terminating sex offender treatment could satisfy the "shocks the conscience" standard of a substantive due process claim. *See Beebe*, 333 F. Supp.2d at 1018. Instead, Plaintiff contends that Magistrate Judge Boland mistakenly focused on a lesser standard of procedure. Plaintiff also argues that the magistrate judge makes an argument that Defendants did not advance in their motion; namely, there is evidence that plaintiff's termination was merely a time out from treatment. Plaintiff asserts that this reflects a misunderstanding of the evidence that shows Plaintiff was actually terminated from the program. It is also argued that "[s]imply terminating this treatment, with ample time for reflections, constitutes shocking the conscience arbitrary government action", and that the magistrate judge erred in considering this independent basis for liability. Plaintiff's Objections at 3. Finally, Plaintiff contends that the Recommendation did not consider that there is a form of intent in this case similar to that stated in *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995), *cert. denied*, 516 U.S. 1118 (1996) *i.e.*, reckless conduct where the defendant recognizes the unreasonable risk and intends to expose the plaintiff to such risks without regard to the consequences.

I find that Plaintiff's objections must be overruled. Magistrate Judge Boland correctly recognized and addressed Plaintiff's argument that Defendants' conduct was reckless and the level of intent that Defendants must have in connection with same. *See* Recommendation at 13-15. He further correctly recognized that the evidence is in dispute about whether a program or policy is in place to provide due process before a person is terminated from treatment . *Id.* at 16-17. Based on this evidence and the other evidence cited by Magistrate Judge Boland at 18-19, which I find no error with, I agree with the finding that the substantive due process claim cannot be decided as a matter of law. While a reasonable jury may be able to find that Defendants' conduct was outrageous and recklessly indifferent to the serious consequences imposed on Plaintiff by the termination of treatment, the facts are in dispute such that summary judgment in favor of Plaintiff is not proper. Accordingly, I affirm the Recommendation that Plaintiff's motion for summary judgment be denied as to the substantive due process claim and in all other particulars.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge filed January 4, 2006, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Rule 56(a) Motion for Summary Judgment filed March 21, 2005, is **GRANTED IN PART AND DENIED IN PART**. It is granted to the extent Plaintiff asserts he has a liberty interest in continued treatment as a sex offender under Colo. Rev. Stat. § 18-13-1004(3) and denied in all other respects. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment filed March 18, 2005, is **DENIED**.

Dated: February 14, 2006

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel  
                                      Wiley Y. Daniel  
                                      U. S. District Judge