IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  02-cv-01993-WYD-BNB

JEFFREY SCOTT BEEBE,

    Plaintiff,

v.

PEGGY HEIL, et al.,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff's Motion to Reconsider Order Affirming and Adopting Recommendation of U.S. Magistrate Judge filed February 17, 2005.  The Motion asks me to reconsider my ruling affirming and adopting the Recommendation to deny Plaintiff's Motion for Summary Judgment as it pertains to violation of the substantive due process liberty interest and reinstatement into the sex offender treatment program.  For the reasons stated below, Plaintiff's Motion to Reconsider is denied.

Plaintiff first argues that I used an incorrect standard for deciding the shocking-to-the-conscience standard.  In that regard, Plaintiff asserts that the issue is whether the challenged government action would shock the conscience of federal judges, which must be decided by the federal judge as a matter of law.  While it is true that the Order affirming the Recommendation referred to the issue being decided by a jury, the fact remains that this case is set for a one-day bench trial before me on September 19,

2006.  I will decide whether Defendants' actions shocked the conscience, not a jury, and will apply the appropriate standard as to that issue.  This remains an issue that I believe must be resolved at trial, not on summary judgment, since there are disputed facts regarding the issue.

Plaintiff also argues that I incorrectly applied facts to the substantive due process violation which were not applicable and that the only issue in connection with such a claim is opportunity for deliberation.  Plaintiff asserts that since it is undisputed that Defendants had an opportunity for deliberation, summary judgment should have been entered in his favor.  I disagree.  In *Moore v. Guthrie*, 438 F.3d 1036 (10th Cir. 2006), the Tenth Circuit rejected the argument that a prolonged opportunity to deliberate should automatically be judged conscious-shocking behavior.  *Id.* at 1041 n. 1.  It held that "[w]hile length of deliberation may be a factor in a conscience-shocking analysis   . . ., it cannot replace the over-arching need for deference to local policy-making bodies."  *Id.*  "If this were not so and any long-deliberated decision (resulting in a later injury) were called conscience-shocking, substantive due process violations would become a substantial and unnecessary substitute to state tort law."  *Id.*  I find that Plaintiff has not shown in his motion to reconsider that this issue should have been decided on summary judgment.  Instead, this is appropriately an issue to be decided at trial.

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Reconsider Order Affirming and Adopting Recommendation of U.S. Magistrate Judge filed February 17, 2005, is **DENIED**.

Dated: April 18, 2006

                                      BY THE COURT:


                                      s/ Wiley Y. Daniel  
                                      Wiley Y. Daniel  
                                        U. S. District Judge